UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA JUSTICE,

        Plaintiff,

v.                                      Case No. 8:18-cv-2774-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,[1]

        Defendant.

_____/

## ORDER

Plaintiff seeks judicial review of the denial of his claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.    Procedural Background

Plaintiff filed an application for SSI (Tr. 203). The Commissioner denied Plaintiff's claim both initially and upon reconsideration (Tr. 81, 94). Plaintiff then requested an administrative hearing (Tr. 109). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 31-48). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claim

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as Defendant in this suit.

for benefits (Tr. 10-19).   Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-5).   Plaintiff then timely filed a complaint with this Court (Doc. 1).   The case is now ripe for review under 42 U.S.C. § 1383(c)(3).

## II.      Factual Background and the ALJ's Decision

Plaintiff, who was born in 1994, claimed disability beginning January 17, 2015 (Tr. 215).[2]   Plaintiff obtained an eleventh-grade education (Tr. 219).   Plaintiff has no past relevant work (Tr. 218-19).   Plaintiff alleged disability due to psychosis and an anxiety disorder (Tr. 218).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since July 22, 2015, the date he protectively filed his application for SSI (Tr. 12).   After conducting a hearing and reviewing the record evidence, the ALJ determined Plaintiff had the following severe impairments: "schizophrenic paranoid other psychotic disorder, (NOS), and anxiety related disorder" (Tr. 12).   Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of

---

[2] Plaintiff received SSI disability benefits as a child (Tr. 52).  In September 2012, Plaintiff turned eighteen and his eligibility for benefits was redetermined under the rules for determining disability in adults.  *Id.*  In May 2013, the SSA determined that Plaintiff was no longer disabled as of November 8, 2012, and the determination was upheld on reconsideration.  *Id.*  Plaintiff requested a hearing before an ALJ, which was held November 6, 2014.  *Id.*  By decision dated January 16, 2015, the ALJ determined that Plaintiff's disability ended on November 8, 2012, and he had not become disabled again since that date (Tr. 52-61).  Plaintiff requested review of the ALJ's decision, but later requested it be withdrawn (Tr. 70).  On June 11, 2015, the Appeals Council granted Plaintiff's request for withdrawal and dismissed his request for review.  *Id.*

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 12-14). The

ALJ then concluded that Plaintiff retained the residual functional capacity ("RFC")[3] to

perform work at all exertional levels but with the following non-exertional limitations:

> [t]he claimant is able to understand, carry out, and remember simple, routine, and repetitive tasks involving only simple, work related decisions with the ability to adapt to routine workplace changes. The claimant could tolerate frequent interaction with coworkers but not the general public.

(Tr. 14). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective

complaints and determined that, although the evidence established the presence of

underlying impairments that reasonably could be expected to produce the symptoms

alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his

symptoms were not entirely consistent with the medical evidence and other evidence (Tr.

14-16). Given Plaintiff's background and RFC, a vocational expert ("VE") testified that

Plaintiff could perform jobs existing in significant numbers in the national economy, such

as a kitchen helper, vehicle washer/detailer, and hand packager (Tr.17-18). Accordingly,

based on Plaintiff's age, education, RFC, and the testimony of the VE, the ALJ found

Plaintiff not disabled (Tr.18-19).

### III.    Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be

unable to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death, or

---

[3] Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite his impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citation omitted); 20 C.F.R. § 416.945(a)(1).

which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *Id.* at § 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920(a)(1).[4] If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. *Id.* at § 416.920(a)(4). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. *Id.* at § 416.920(a)(4)(i)-(iv). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. *Id.* at § 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 416.920(g).

---

[4] The cited references to the regulations pertain to those in effect at the time the decision was rendered on February 13, 2018.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 1383(c)(3) (stating that the Commissioner's final determination in an SSI case is subject to review as provided in § 405(g) to the same extent as the Commissioner's final determination in a disability benefits case under § 405). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 1383(c)(3); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV.    Analysis

Plaintiff raises one general issue on appeal—whether substantial evidence supports the ALJ's RFC assessment in light of the medication that the claimant is taking. (Doc. 24 at 9). Plaintiff summarily argues that the ALJ failed to adequately explain why he rejected Plaintiff's subjective complaint of drowsiness as a side effect of medication.[5] *Id.* He argues further that, *had* the ALJ credited this subjective complaint, "there is a reasonable probability that the [ALJ] would have precluded the claimant from working in an environment which would expose him to extreme heat, wetness, and/or humidity, which could pose a dangerous environment to the claimant." *Id.* Plaintiff suggests this is significant because the jobs identified by the VE required exposure to the same.[6] *Id.* at 10. Plaintiff requests that his case be reversed and remanded for the ALJ to adequately address his subjective complaint of drowsiness from medication and determine whether it would result in any environmental limitations. *Id.*

In response, the Commissioner argues that the ALJ properly considered Plaintiff's alleged side effects from medication and appropriately discounted his subjective complaints of disabling symptoms and limitations (which encompassed drowsiness) by

---

[5]  In support, Plaintiff points to his testimony at the administrative hearing that he takes Risperdal (an antipsychotic) and Strattera (a nonstimulant used to treat ADHD) every night and then sleeps for about twelve hours because the medications make him sleepy. (Doc. 24 at 9).

[6]  Plaintiff notes that one of the jobs also involves frequent crouching and stooping, but the import of that is left unexplained. (Doc. 24 at 10). There is no evidence, objective or otherwise, that Plaintiff has postural limitations or a condition that could cause such. Moreover, if Plaintiff is suggesting crouching and stooping are problematic because of his alleged drowsiness, the suggestion is speculative and without merit.

finding they were inconsistent with the evidence. The Commissioner argues further that Plaintiff failed to show that his alleged side effects were supported by the record, warranted greater limitations than those included in the ALJ's RFC determination, or would result in environmental limitations. (Doc. 24 at 10-16).

At step four of the sequential evaluation process, the ALJ is tasked with assessing the claimant's RFC. *See* 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945. In assessing the claimant's RFC, the ALJ is required to consider, among other things, the claimant's subjective symptoms and the extent to which they can be accepted as consistent with the objective and other evidence. 20 C.F.R. § 416.929(a). In considering the claimant's subjective symptoms, the ALJ is required to consider, among other things, whether the medication the claimant takes to control or alleviate symptoms causes any side effects. 20 C.F.R. § 416.929(c)(3)(iv). The claimant, however, must introduce evidence supporting his claim that his symptoms (including any medication side effects), affect his ability to work. *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x. 362, 366 (11th Cir. 2010)[7] (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir.2003)).

If the ALJ decides not to credit the claimant's subjective symptoms, the ALJ must articulate explicit and adequate reasons for doing so, or the implication in the record must be so clear as to amount to a specific credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). A reviewing court will not disturb a properly articulated credibility finding that is supported by substantial evidence. *Id.* at 1562.

---

[7] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

As an initial matter, it is unclear whether Plaintiff's alleged side effect—that he gets drowsy after taking his medication in the evening and then sleeps for about twelve hours—even if credited, would impact his ability to work the other twelve hours of the day.  Aside from alleging that he has difficulty waking up in the morning and functioning before he has a shower and some caffeine (Tr. 40), Plaintiff did not testify that he is sleepy or drowsy during the day, that he takes naps or sleeps during the day, or that he has difficulty concentrating or focusing because he is drowsy.  To the contrary, when asked what he does when he is awake, Plaintiff testified he "finds something to do."  (Tr. 37).  He explained further that he is "always outside smoking," he occasionally feeds the fish and cleans the fish tank, he sometimes plays cards with his family, and otherwise he stays in his room (Tr. 37-38, 41).

Similarly, when asked to describe what Plaintiff does from the time he wakes up until going to bed, Plaintiff's mother reported that he plays video games, eats, and smokes (Tr. 225, 244, 261).  While she noted on one occasion that he "sleeps a lot" (Tr. 244), there is no indication that she was referring to anything other than how much he sleeps at night. Moreover, none of the treatment notes from Plaintiff's doctors or mental health providers documented complaints of daytime drowsiness or difficulty staying awake during the day or that Plaintiff's concentration or focus appeared slow or impaired when they examined him.  Consequently, even if Plaintiff's subjective complaint about drowsiness had been credited, Plaintiff wholly fails to demonstrate how it would limit his ability to work the remaining twelve hours of the day that he is awake.

In any event, a fair reading of the decision reveals that the ALJ considered Plaintiff's subjective complaint of drowsiness from medication and provided adequate reasons, supported by substantial evidence, for finding that the subjective complaint was not credible.[8] In his decision, the ALJ summarized Plaintiff's testimony and specifically recounted Plaintiff's allegation that he sleeps for twelve hours a day on average because his medication (Risperdal or Strattera) makes him drowsy. (R. 15). The ALJ, however, noted that Plaintiff reported no adverse side effects of medication and denied problems with attention and concentration during mental status evaluations and exams (Tr. 15-16).[9] The ALJ also noted that during an annual bio-psychosocial assessment in August 2016, Plaintiff "reported doing fine with treatment" and the provider's comment that Plaintiff's "attention and concentration were adequate" (Tr. 16) The ALJ's citation to these records provides substantial support for his rejection of Plaintiff's subjective complaint of drowsiness from medication side effects.

For example, during annual psycho-social assessments in September 2015 and August 2016, Plaintiff reported his medications were working well and he denied any side effects (Tr. 409, 415). Similarly, out of the nine physician/ARNP progress notes of record,

---

[8] Plaintiff does <u>not</u> argue that the ALJ was required to inquire in detail about the side effects of his medication or that the ALJ failed to do so. Even had Plaintiff raised that argument, because he was represented by counsel at the administrative hearing, the ALJ was not required to inquire in detail about his alleged side effects. *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 904 (11th Cir. 2011) (citing *Cherry v. Heckler*, 760 F.2d 1186, 1191 n.7 (11th Cir. 1985)).

[9] The ALJ referenced these findings from a mental health progress note from March 2015 (Tr. 15). Thereafter, the ALJ discussed three other mental health progress notes (September 2015, November 2015, and May 2016) in which "mental status remained the same" (Tr. 15-16).

seven noted Plaintiff either was compliant with medication with no adverse side effects or denied any adverse side effects (Tr. 393, 395, 397-400, 403), one noted Plaintiff was doing well on his current regimen but had stopped taking Zoloft due to dizziness and drowsiness[10] (Tr. 401), six noted Plaintiff's sleep was "good" (Tr. 393, 395, 379-99), and none reflected that the physician or ARNP had concerns about side effects. Although there is one documented complaint of drowsiness from Risperdal in November 2016—Plaintiff told a treating ARNP that he feels tired the day after he takes Risperdal—it does not render the ALJ's rejection of Plaintiff's subjective complaint unsupported.[11] *See Brown v. Comm'r of Soc. Sec.*, 680 F. App'x 822, 826 (11th Cir. 2017) ("[a]n ALJ's determination that medication side effects do not present a significant problem is supported by substantial evidence if the claimant made only an isolated complaint about the side effects and the record does not suggest her doctors were concerned about the side effects.") (citation omitted); *Turner v. Comm'r of Soc. Sec.,* 182 F. App'x 946, 949 (11th Cir. 2006) ("[T]he ALJ did not err in discrediting Turner's testimony regarding side-effects from her medications because the record includes no evidence that Turner consistently complained to her doctors of any side-effects."); S*windle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990) (holding that ALJ's conclusion that medication side effects "did not present a significant

---

[10]  Significantly, Plaintiff does not attribute his drowsiness to Zoloft, the ALJ mentions in his decision that Plaintiff stopped taking Zoloft due to drowsiness and dizziness, and the record shows that Plaintiff took Zoloft for no more than six to eight months during the pertinent period (Tr. 398-401).

[11]  Plaintiff also reported in August 2016 that he had "some" side effects initially when restarting Strattera but indicated he no longer had any, and no complaints of side effects were documented during that visit (Tr. 404).  The Court's review of the record reveals no other complaints of side effects from Strattera.

problem" was supported by substantial evidence because the claimant's testimony about the side effects of her medication was limited and "the record did not disclose any concerns about side effects by the several doctors who examined and treated her").

Additional support for the ALJ's rejection of Plaintiff's subjective complaint of drowsiness is found in the ALJ's finding on Plaintiff's subjective allegations of severe functional limitations. As the Commissioner notes, this finding encompasses Plaintiff's complaint of drowsiness from medication. Here, the ALJ found that while Plaintiff has impairments that limit his ability to function, the severe functional limitations he alleges are not supported by the evidence and are unpersuasive because Plaintiff has maintained stabilization with medication, mental status exams remained within normal limits, Plaintiff's treatment consisted of follow-ups for medication management every two to three months, Plaintiff stopped taking two of his medications due to experiencing less anxiety and having some drowsiness, Plaintiff reported having no hallucinations, Plaintiff had no difficulty caring for his personal needs, and Plaintiff's treatment has been essentially routine and conservative in nature (Tr. 16). Notably, Plaintiff does not challenge any of these reasons.

In sum, the ALJ provided adequate reasons for rejecting Plaintiff's subject complaint of drowsiness from medication and those reasons are supported by substantial evidence. Because that was Plaintiff's only basis for calling into question whether the ALJ's RFC assessment was supported by substantial evidence, no further discussion of the ALJ's RFC assessment is warranted. In any event, counsel's argument that Plaintiff's drowsiness may cause environmental or postural limitations is pure speculation. Plaintiff

made no such allegations, and there is no record evidence demonstrating that Plaintiff's alleged drowsiness would result in the need to avoid exposure to heat, wetness, or humidity, or would affect his ability to stoop or crouch. On this point, it is worth noting that Plaintiff's counsel at the hearing also represents Plaintiff on appeal, and counsel did not pose any hypothetical questions to the VE that included environmental or postural limitation (*see* Tr. 47-48). Because the ALJ properly rejected Plaintiff's subjective complaint of drowsiness from medication, the ALJ was not required to include that limitation or any limitations purportedly stemming from it in the RFC or hypothetical questions posed to the VE. *See Crawford v. Comm'r. of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (providing that ALJ is not required to include limitations in a hypothetical question that he properly discounted or rejected as unsupported).

V.    **Conclusion**

For the reasons above, Plaintiff fails to demonstrate error and is not entitled to the relief requested. Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on this 22nd day of January 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

12